UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:11-cr-486-TPB-AAS

ALMA LUCRECIA
HERNANDEZ-PRECIADO,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Alma Lucrecia Hernandez-Preciado's motion for compassionate release, filed *pro se* on February 6, 2024. (Doc. 159). On March 8, 2024, the Government filed its response. (Doc. 164). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On December 17, 2013, the Court sentenced Defendant – a citizen of Guatemala – to 360 months' imprisonment after a jury found her guilty of conspiring with others including persons on board a vessel subject to the jurisdiction of the United States to possess with intent to distribute and to distribute cocaine and the offense of aiding and abetting other persons including persons on board a vessel subject to the jurisdiction of the United States in the possession with intent to distribute cocaine.[1] At sentencing, although Defendant faced an advisory guideline of life imprisonment, the Court granted her request of a downward variance to 360 months of imprisonment.

---

[1] Defendant was extradited from Guatemala to the United States to face her charges and was found to have recruited accomplices and organized cocaine smuggling ventures, and she managed participants in those ventures.

Defendant, who is now 51 years old, is currently incarcerated at FCI Tallahassee in Tallahassee, Florida, and she is projected to be released on May 2, 2036.

Defendant has now filed several motions seeking compassionate release.  On October 1, 2020, the Court denied her first motion because: (1) she failed to demonstrate that she met the exhaustion or lapse requirement and (2) her asserted medical conditions – obesity and prediabetes, both of which made her vulnerable to contracting COVID-19 and having a severe reaction – were not sufficient.  (Doc. 145).

On October 30, 2020, the Court denied Defendant's second motion, in which she sought a treaty transfer to Guatemala or compassionate release, citing (1) concerns for the health of her mother in Guatemala; (2) ongoing harassment of Defendant by two other inmates; and (3) concerns that her unit is overcrowded, and the prison was unequipped to protect vulnerable inmates from the COVID-19 pandemic. (Doc. 149).

On March 15, 2022, the Court denied Defendant's third motion, in which she sought compassionate release due to (1) several unspecified lingering health issues that affect her daily after contracting COVID-19; (2) her overall diminished health placing her at risk of contracting COVID-19 a second time, with a more severe outcome; (3) overcrowding and the ability of the prison to protect vulnerable inmates from COVID-19; (4) her sentencing being substantially longer than one would be imposed today on a similarly situated defendant; and (5) the prison term she served being sufficient to achieve the purpose of her sentencing.  (Doc. 158).

Defendant has now filed a *fourth* motion seeking compassionate release or a reduction in sentence.  In her motion, Defendant requests that the Court modify or reduce her sentence to release her from federal prison because (1) she had an

unusually long and unreasonable sentence because she went to trial, resulting in a great disparity between her sentence and those of her codefendants; (2) changes in law would warrant a lesser sentence if sentenced today; (3) she "has been subjected to years of cruel and unusual punishment" in violation of her rights; (4) she has medical issues for which she has received inadequate care; (5) changed family circumstances (namely, she lost her brother and has a disabled nephew that is a dependent and requires her care; and (6) she had no criminal history and should be recognized as a "zero pt" offender. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of her sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because she has not demonstrated any extraordinary and compelling reason warranting a modification of her sentence.[2]

---

[2] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes her ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious

Among other things, Defendant has not shown that any of her alleged medical conditions constitute a serious physical or medical condition that substantially diminishes her ability to provide self-care within the correctional facility and from which she is not expected to recover. She has not provided records to substantiate her claim of serious health issues or her claim that she has not received necessary medical attention, and the Government indicates that a check with BOP shows nothing out of the ordinary. In addition, Defendant's need to take care of her mother and a nephew she has never met is not substantiated. Her alleged abuse is also unsubstantiated and is not of the kind set forth in the statute. Even if true, Defendant's allegations simply do not establish extraordinary and compelling reasons within the meaning of the relevant sections.[3]

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh against granting compassionate release in this case. Considering the § 3553 factors, including Defendant's criminal history and characteristics, the Court finds that release would not be appropriate here. Defendant has served less than half of her sentence for a serious drug offense for which she was an organizer, and she was found to have obstructed justice for witness tampering. Frankly, the sentence the Court imposed --

---

deterioration in her physical or mental health, and she has served at least 10 years or 75% of her prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

[3] The Court generally agrees with the Government that other proffered reasons, such as Defendant's "unusually long sentence" and a disparity between her sentence and what she might receive today, do not provide a valid basis for compassionate release in this case. The Court additionally notes that it has previously denied these and substantially similar issues when raised in a prior motion.

which was a downward variance -- was light considering Defendant's conduct and the recommended life sentence. Given the seriousness of Defendant's conduct, denying the motion promotes respect for the law, affords adequate deterrence, and continues to provide just punishment for the offense. Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 20th day of March, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**